IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEVELL CHAMBERS                                                                                   PLAINTIFF

v.                                    Civil No. 5:24-CV-05239-TLB-CDC

DEPUTY TOMMY McCLELAND and
DEPUTY HOLDEN HUGHES                                                                         DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court are Defendants Deputy Tommy McCleland's and Deputy Holden Hughes's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 20), Brief in Support (ECF No. 21), and Statement of Indisputable Material Facts (ECF No. 22), and Plaintiff Devell Chambers's Response in Opposition (ECF No. 32). For the reasons given below, the undersigned recommends that the Motion be **GRANTED**.

### I. BACKGROUND

Plaintiff filed this lawsuit on November 20, 2024, bringing claims against a wide variety of defendants regarding alleged excessive force, denial of medical care, and denial of meals during his incarceration at Washington County Detention Center ("WCDC"). *See* ECF Nos. 1, 6. However, the only claims of his which survived preservice screening under 28 U.S.C. § 1915A were claims against Defendants McCleland and Hughes for allegedly using excessive force against him in August of 2024. *See* ECF Nos. 9, 18, 24. Once these Defendants filed their Answer (ECF

1

No. 16) to Plaintiff's Amended Complaint (ECF No. 6), this Court entered an Order (ECF No. 17) staying discovery in this matter until any potential issues regarding failure to exhaust administrative remedies were resolved. On April 11, 2025, Defendants filed their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 20). Plaintiff filed his Response (ECF No. 32) on June 23, 2025. The Motion is now ripe for decision.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  ANALYSIS

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).  In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219.  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*  The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Here, there is no dispute that WCDC has a grievance procedure, *see* ECF Nos 22-4, 22-5, which inmates are instructed they may use "if you feel you have been subjected to abuse or an abridgement of your civil rights while being detained," *see* ECF No. 22-5, p. 1, and which Plaintiff himself utilized on many different occasions for many different reasons, *see* ECF No. 22-3. Defendants contend that Plaintiff never filed any grievance about any alleged excessive force used

3

by them against him. They have attached to their Motion an authenticated copy from Plaintiff's jail file of a complete list of all grievances that Plaintiff filed between June 8, 2024, when he was booked into WCDC, and January 8, 2025. A review of that list confirms Defendants' contention. It contains many grievances by Plaintiff regarding, for example, the quality of food, allegedly unsanitary conditions, problems with Plaintiff's commissary account, and medical issues, among other things. But the list does not contain a single grievance regarding any alleged excessive force having been used against Plaintiff, nor indeed regarding any violence or physical force at all. *See generally* ECF No. 22-3.

Plaintiff's Response to Defendant's Motion does not dispute the authenticity of Defendants' evidence. He does not address in his Response whether he filed any grievance about the incident that is the subject of his remaining claims in this case. Instead, Plaintiff simply insists that excessive force was in fact used against him, and that evidence "isn't avai[l]able because all of my property was destroyed in part or never recovered when I was requesting assi[s]tance from the WCDC staff." *See* ECF No. 32, p. 1. But regardless of whether Plaintiff was subjected to excessive force, and regardless of whether he could prove that claim on its merits, the undisputed evidence before the Court is that Plaintiff failed to file any grievance at WCDC regarding this incident despite having the opportunity to do so, and thus failed to exhaust his administrative remedies on this matter.

### IV.  CONCLUSION

Accordingly, it is recommended that Defendants Deputy Tommy McCleland's and Deputy Holden Hughes's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 20) be **GRANTED**, and that Plaintiff's claims against these Defendants be **DISMISSED WITH PREJUDICE**.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of November 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE